UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW RICHARD PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-0134-CVE-TLW |
| ) | |
| THE CITY OF TULSA, OKLAHOMA, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Second Corrected Defendant City of Tulsa's Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 16).[1] Defendant asks the Court to dismiss plaintiff's 42 U.S.C. § 1983 claim against it because plaintiff has failed to state a claim upon which relief can be granted, arguing that plaintiff's complaint fails to sufficiently allege a policy or custom and fails to sufficiently allege deliberate indifference. Id. at 3, 4, 9. Defendant also asks the Court to dismiss plaintiff's state tort claims against it, arguing that this Court lacks subject matter jurisdiction because plaintiff failed to comply with the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151-172 (OGTCA), notice provision and that the City is immune from claims against it for intentional torts. Id. at 12, 13.  Plaintiff responds that he properly pled his 42 U.S.C. § 1983 claim, and the City's arguments for dismissal of his state tort claims are premature. Dkt. # 18.

---

[1]  Defendant filed two previous versions of its motion: Defendant City of Tulsa's Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 7) and Corrected Defendant City of Tulsa's Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 13).

**I.**

This case arises from the conviction and imprisonment of plaintiff for sexually abusing a minor child. On March 6, 1997, plaintiff was convicted of sexually abusing K.S., a minor child. Dkt. # 2, at 1. Plaintiff was released from custody in May 2014 after the Oklahoma Court of Criminal Appeals granted his petition for postconviction relief. Id. at 10. Plaintiff alleges that he is innocent of the crime and that his "wrongful arrest, detention, prosecution, conviction, and imprisonment were the result of investigatory misconduct pursuant to municipal policies and procedures of the City of Tulsa (the City) to use any means necessary to secure a conviction." Id. at 2. Plaintiff asserts that Rex Berry, then a detective with the Tulsa Police Department (TPD), observed an interview of K.S. conducted by a social worker named Dale Lovett, in which Lovett undermined the reliability of K.S.'s testimony by asking leading questions, questions that assumed the existence of sexual abuse and allowed no other answers, and questions that elicited responses rather than providing opportunity for disclosure. Id. at 5-6. Plaintiff also alleges that Berry interviewed K.S. at least twice and that, in one interview he conducted, K.S.'s sister told Berry that K.S. knew plaintiff did not abuse her. Id. at 6. Plaintiff asserts that at his trial, K.S. gave unbelievable and at times impossible testimony, including that plaintiff's seminal fluid was cold and clear, plaintiff penetrated her vagina with an unerect penis ten times per night, and plaintiff had a mole, which plaintiff asserts does not exist, on his penis. Id. at 8. Plaintiff alleges that TPD deliberately failed to investigate the possibility that plaintiff was innocent despite "investigatory red flags." Id. at 7. Furthermore, plaintiff alleges that TPD's actions in his case were part of the City's custom or policy of (1) deliberately failing to pursue lines of investigation that would prove a suspect innocent, (2) failing to adequately investigate other leads, and (3) failing to properly supervise, train, and discipline detectives and

officers. Id. at 11-12. On March 9, 2016, plaintiff filed a complaint alleging claims under 42 U.S.C. § 1983 and claims under Oklahoma state law for intentional infliction of emotional distress, negligence, abuse of process, malicious prosecution, and false imprisonment.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendant argues that plaintiff fails to state a claim, arguing that: (1) plaintiff's § 1983 claim fails to satisfy the pleading standards of Twombly and Iqbal; (2) plaintiff's state tort claims do not comply with the OGTCA notice provision; and (3) defendant is immune from plaintiff's state tort claims for intentional infliction of emotional distress, abuse of process, malicious prosecution, and false imprisonment under the OGTCA. Dkt. # 16. Plaintiff argues that his complaint contains the necessary legal and factual basis to state a claim under § 1983, and that dismissal of his state tort claims would be premature. Dkt. # 18.

**A.**

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). In the case of a municipal entity, the "under color of state law" element requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 482-83 (1986); see also City of St. Louis v. Praprotnik, 485 U.S. 112, 127-28 (1988). A widespread practice that is not officially authorized may constitute a custom if it is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Praprotnik, 485 U.S. at 127 (quoting Adickes v. S.H. Kress & Co.,

398 U.S. 144, 167-68 (1970)). A city's failure to train its employees can also constitute an official policy or custom when it "amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). The policymakers of a city have acted with deliberate indifference when the need for training is obvious and the occurrence of constitutional violations as a result are likely. Id. at 390. A plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998) (quoting Bd. of the Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).

Defendant argues that plaintiff's complaint fails to provide sufficient factual allegations to support the existence of an official policy or custom or the deliberate indifference requirement in plaintiff's failure to train claim. Dkt. # 16. However, plaintiff's complaint contains factual allegations detailed enough to support a § 1983 claim. Plaintiff alleges a set of specific policies, including deliberately failing to investigate theories inconsistent with the guilt of a suspect, failing to adequately investigate other leads, and failing to properly supervise, train, and discipline detectives and officers. Dkt. # 2, at 11. Plaintiff also details the elements of a policy on interviewing minor children that he alleges necessary to prevent constitutional violations, which would include videotaping interviews, asking questions in a neutral manner that could lead to answers either incriminating or exculpating a suspect, and avoiding leading questions. Id. at 12. Plaintiff also alleges how these policies impacted his case, by improperly influencing K.S.'s statements and causing TPD to fail to investigate such exculpatory evidence as the mole K.S. incorrectly claimed plaintiff had on his genitalia, and that the policies were widespread. Id. at 5-8, 12-14. Moreover,

5

plaintiff alleges that the City should have known about the risk of constitutional violations as a result of its failure to train detectives and officers in proper interview techniques because its procedures were contrary to accepted methods used at the time. Id. at 13. These factual allegations are sufficient to support plaintiff's § 1983 claim.

**B.**

The OGTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. Tuffy's, Inc. v. City of Okla. City, 212 P.3d 1158, 1163 (Okla. 2009). A claim under the OGTCA must be presented to the state or appropriate political subdivision for relief within one year of the injury. Okla. Stat. tit. 51, § 156(B). A suit may not be brought under the OGTCA unless this notice provision is met. Id. § 157(B). Plaintiff argues that failure to comply with the OGTCA notice provision is an issue of exhaustion that he is not required to plead to avoid dismissal. Dkt. # 18, at 19. However, compliance with the statute's notice provision is a jurisdictional prerequisite. See Gurley v. Mem'l Hosp. of Guymon, 770 P.2d 573, 576 (Okla. 1989). Thus, when a complaint alleges an OGTCA claim but does not assert the notice requirement has been met, the claim should be dismissed for failure to state a claim. See, e.g., Lawson v. Okmulgee Cnty. Criminal Justice Auth., No. 15-CV-300-FHS, 2016 WL 2851326, at *2 (E.D. Okla. May 13, 2016); Estate of Norton v. Avalon Corr. Servs., Inc., No. 14-CV-106-JED-TLW, 2014 WL 5089074, at *3 (Oct. 2, 2014); Smith v. Avalon Corr. Servs., Inc., No. 13-CV-0676-CVE-TLW, 2014 WL 693445, at *3 (Feb. 21, 2014). Because plaintiff has failed to allege that he has complied with the

OGTCA notice provision, his state law tort claims fail to state a claim upon which relief may be granted and should be dismissed.[2]

**IT IS THEREFORE ORDERED** that Second Corrected Defendant City of Tulsa's Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 16) is **granted in part and denied in part**; it is granted as to plaintiff's claims under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151-172, and is denied as to plaintiff's claim under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Defendant City of Tulsa's Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 7) and Corrected Defendant City of Tulsa's Motion to Dismiss Plaintiff's Complaint and Brief in Support (Dkt. # 13) are **moot**.

**DATED** this 9th day of September, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Because plaintiff's state law claims should be dismissed for failure to comply with the OGTCA notice provisions, defendant's argument that it is immune under the OGTCA from plaintiff's state tort claims for intentional infliction of emotional distress, abuse of process, malicious prosecution, and false imprisonment need not be addressed.