**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MATTHEW RICHARD PARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CV-0134-CVE-TLW** |
| | ) | |
| **THE CITY OF TULSA, OKLAHOMA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff Matthew Richard Parker's Motion to Strike an Insufficient

Defense and Brief in Support (Dkt. # 40). Plaintiff asks the Court to strike defendant's second

affirmative defense, which states "Plaintiff's claims are absolutely barred by his own actions." Dkt.

# 40, at 1. Defendant responds that the defense is relevant to the suit, that defendant is likely to

prevail on this defense, and that plaintiff's motion is premature. Dkt. # 48, at 1.

**I.**

This case arises from the conviction and imprisonment of plaintiff for sexually abusing a

minor child. On March 6, 1997, plaintiff was convicted of sexually abusing K.S., a minor child. Dkt.

# 2, at 1. Plaintiff was released from custody in May 2014 after the Oklahoma Court of Criminal

Appeals granted his petition for postconviction relief. Id. at 10. Plaintiff alleges that his "wrongful

arrest, detention, prosecution, conviction, and imprisonment were the result of investigatory

misconduct pursuant to municipal policies and procedures of the City of Tulsa to use any means

necessary to secure a conviction." Id. at 2. Plaintiff asserts that the Tulsa Police Department (TPD)

conducted a "results-oriented investigation" by allowing K.S.'s testimony to be tainted by leading

questions and ignoring exculpatory evidence. Id. at 5-8. Plaintiff filed this suit pursuant to 42 U.S.C.

§ 1983,[1] alleging that defendant violated his rights guaranteed by the Fourth, Fifth, Sixth, and

Fourteenth Amendments to the United States Constitution. Dkt. # 2, at 4. Defendant answered,

alleging several affirmative defenses, including that "Plaintiff's claims are absolutely barred by his

own actions."[2] Dkt. # 35, at 13.

## II.

Under Rule 12(f), a party may move to strike "from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking

a portion of a pleading is a drastic remedy, Rule 12 motions to strike are generally viewed with

disfavor and infrequently granted. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale

Shipyards, 677 F.2d 1045, 1057 (5th Cir. 1982); 5C Charles Alan Wright & Arthur R. Miller,

Federal Practice & Procedure § 1380. District courts have broad discretion in disposing of a Rule

12(f) motion. Durato v. Smith, 163 F. Supp. 3d 837, 862 (D.N.M. 2015).

In order to succeed on a Rule 12(f) motion to strike a defense, the plaintiff must usually show

prejudice. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381.

Prejudice includes increased time and expense required to conduct discovery or prepare for trial on

---

[1]    Initially, plaintiff also alleged claims under Oklahoma state law. Dkt. # 2, at 19-21. On September 9, 2016, the Court dismissed plaintiff's state law claims by granting in part defendant's motion to dismiss. See Dkt. # 32, at 4-7.

[2]    It is unclear from defendant's answer what "actions" defendant alleges bar plaintiff's suit. Plaintiff argues that this defense is the same as defendant's assertions in the Joint Status Report that it "reserves the right to have the issue of 'actual innocence' . . . ultimately be determined by a jury . . . ." Dkt. # 40, at 1. Defendant does not dispute plaintiff's interpretation of its defense in its response. See Dkt. # 48. Thus, the Court interprets defendant's answer to mean that defendant is asserting an affirmative defense on the basis that plaintiff is guilty of sexually abusing K.S.

2

an irrelevant affirmative defense. <u>Villa v. Ally Fin., Inc.</u>, No. 1:13CV953, 2014 WL 800450, at *4 (M.D.N.C. Feb. 28, 2014). A court should not strike a defense if it is not clearly insufficient as a matter of law or if it fairly presents questions of law or fact that the Court should hear. <u>Id.</u>; <u>see also</u> <u>Carpenter v. Ford Motor Co.</u>, 761 F. Supp. 62, 65 (N.D. Ill. 1991) ("such motions are not favored and may be granted only if the defense is patently defective").

### III.

Plaintiff argues that defendant's second affirmative defense is insufficient as a matter of law. Dkt. # 40, at 3. Defendant responds that its defense is a complete bar to plaintiff's claims. Dkt. # 48, at 8. Plaintiff's claims arise from defendant's conduct in investigating the sexual abuse of K.S. Plaintiff accuses defendant of having "a custom, policy, pattern or practice of: (A) deliberately failing to investigate theories inconsistent with the guilt of a suspect; (B) failing to adequately investigate other leads; (c) failing to properly supervise, train, and discipline detectives and officers . . . ." Dkt. # 2, at 11. If plaintiff is guilty of sexually abusing K.S., plaintiff's claims do not necessarily fail. None of plaintiff's claims requires him to be innocent. However, the reverse is also true; if plaintiff is innocent of sexually abusing K.S., his claims do not necessarily prevail. An individual may be investigated, prosecuted, and convicted of a crime which he did not commit without a constitutional violation. <u>Cf.</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 315 (1995) (holding that innocence itself is not a constitutional claim, but only a gateway through which habeas petitioners may bring otherwise barred constitutional claims). The issue in this suit is the <u>investigation</u>, not whether plaintiff committed the crime of which he was convicted.

Defendant argues that TPD conducted a thorough investigation and that probable cause for plaintiff's arrest existed. Dkt. # 48, at 9. To support its argument, defendant details the investigation

TPD conducted and the evidentiary basis for TPD's decision to proceed with a case against defendant. See Dkt. # 48, at 1-4. Plaintiff's motion does not affect any evidence defendant presented in its response. Plaintiff alleges constitutional deficiencies with defendant's investigation. Evidence that TPD collected at the time indicating plaintiff's guilt is highly relevant to defendant's defense that its investigation did not violate plaintiff's rights. By granting plaintiff's motion to strike, the Court seeks to prevent the parties from wasting their resources conducting a new investigation into plaintiff's guilt. New evidence is irrelevant because plaintiff's guilt is irrelevant. Evidence collected at the time is relevant because how the original investigation was conducted is relevant.

Additionally, defendant argues that plaintiff's motion should be denied because plaintiff is arguing his innocence, and therefore defendant must be able to respond by arguing his guilt. Dkt. # 48, at 9. Defendant points to plaintiff's statements in the Joint Status Report, that he will present evidence of his certificate of innocence, as a reason that defendant must be able to argue plaintiff's guilt. Id. As the Court has already pointed out, just as plaintiff's guilt is irrelevant, so is plaintiff's innocence. As the certificate of innocence is not before the Court as part of the record at this time, a decision on its admissibility would be premature. However, the Court notes that while a certificate of innocence is necessary for certain claims brought under the Oklahoma Governmental Tort Claims Act, plaintiff's state law claims have all been dismissed. See Dkt. # 32.

Plaintiff moves to strike his guilt as an affirmative defense. Because plaintiff's guilt of sexually abusing K.S. would not legally constitute an affirmative defense to plaintiff's claims, plaintiff's motion should be granted.[3]

**IT IS THEREFORE ORDERED** that Plaintiff Matthew Richard Parker's Motion to Strike an Insufficient Defense and Brief in Support (Dkt. # 40) is **granted**.

**DATED** this 28th day of October, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3]     Defendant also argues that plaintiff's motion is premature. Dkt. # 48, at 1. However, additional time to complete discovery will not affect the legal sufficiency of the defense, and the Court's purpose in granting plaintiff's motion is to save the parties time and resources by preventing irrelevant discovery.